UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WAYNE MONT FAIRSE, | Case No. 3:25-cv-00731-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

*Pro se* Petitioner Wayne Mont Fairse filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 6 ("Petition").) Following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court dismisses it as non-cognizable.

**I.   BACKGROUND**[1]

Fairse challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nev. v. Wayne Fairse*, C-16-318854-1. On October 20, 2017, the state court entered a judgment of conviction under a guilty plea convicting Fairse of sexual assault with a minor under the age of sixteen and lewdness with a child under the age of fourteen. Fairse was sentenced to 35 years to life in prison. Fairse appealed, but the Nevada Supreme Court dismissed the appeal as untimely on January 12, 2018. *Wayne Mont Fairse v. State of Nev.*, No. 74638.

///

///

---

[1] Judicial notice is taken of the docket records of the Eighth Judicial District Court and Nevada appellate courts, which are accessible [here](here) and [here](here).

Fairse filed a motion to correct his sentence on May 16, 2024. The state court denied the motion on June 26, 2024. Fairse appealed, and the Nevada Court of Appeals affirmed on March 24, 2025. *See Wayne Mont Fairse v. State of Nev.*, No. 88948-COA.

### III.     DISCUSSION

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

On his sole ground for relief, Fairse argues that the state court lacked jurisdiction over his criminal case because Nevada Revised Statute § 171.010—the statute giving Nevada state courts their jurisdictional authority—was nullified in 1957 when the Nevada Legislature invalidated all preexisting statutes, including Nevada Revised Statute § 171.010, which was enacted in 1911. (ECF No. 6.) This claim is not cognizable in federal habeas. This argument presents an issue of state law, but "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Moreover, the Nevada state court had jurisdiction over Fairse's underlying criminal case under the Nevada Constitution, *see* N.V. Const. art. VI, § 6, and Nevada Revised Statute § 171.010 does not address the state court's jurisdiction; rather, it provides criminal liability for persons committing offenses within Nevada.

### IV.     CONCLUSION

It is therefore ordered that the Petition (ECF No. 6) is dismissed. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

1  It is further kindly ordered that the Clerk of Court (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[2] (2) provide the Nevada Attorney General with copies of the Petition (ECF No. 6), this Order, and all other filings in this matter by regenerating the notices of electronic filing, (3) enter final judgment dismissing this action, and (4) close this case.

DATED THIS 29th Day of December 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] No response is required from Respondents other than to respond to any orders of a reviewing court.

3